IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WELCH; RONI WELCH; A.W., J.W., and S.W., minor children by and through their guardian ad litem, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SACRAMENTO; MISTY SAMPSON; JACQUALINE BECK; MELINDA PAIGE; PAT SENNA; FRED DEMARTIN; STACY LONTEEN; OFFICER ARTHUR WARD; OFFICER HOLLY CRAIG; OFFICER KEITH KOONTZ; CHRISTINA WELCH; and KAELEEN LOMONTE, <br><br> Defendants. | 2:07-cv-00794-GEB-EFB <br><br> ORDER* |

On May 20, 2008, Plaintiffs filed a second petition for approval of minors' compromise of claims ("Pet. II"), seeking approval of a 50% contingency fee for Plaintiffs' counsel. Defendants oppose

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

Plaintiffs' petition. For the following reasons, Plaintiffs' petition is granted in part and denied in part.

## BACKGROUND

On March 14, 2008, Plaintiffs filed a petition for approval of minors' compromise of claims. ("Pet. I") Plaintiffs sought approval of, *inter alia*, payment of attorney's fees to Plaintiffs' counsel, Robert R. Powell ("Powell"), in the sum of $50,000.00, which is 50% of the minors' settlement proceeds. The 50% contingency fee was provided for in the retainer agreement signed by the minors' parents and their guardian ad litem. (Pet. I at 6:20-7:4; Decl. of Powell in Supp. of Pet. II ("Powell Decl." ¶ 18.) On April 21, 2008, the petition was approved in part; Powell was awarded 25% of the minor Plaintiffs' share of the settlement proceeds, and Powell was granted permission to file a subsequent petition with supporting evidence and justification for approval of a higher contingency fee.[1] (Order ¶ 1, Apr. 21, 2008.)

## ANALYSIS

Powell argues "all of the facts and circumstances" justify a 50% contingency fee. (Pet. II at 3:1-3.)

> In considering the fairness of a settlement of minors' claims, federal courts generally are guided by state law. Under California law, a court must approve the amount paid out of the settlement for attorneys fees and costs for claims brought by minors. . . . [I]n contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. . . . As a practical matter, awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided *extraordinary* services.

---

[1] In the approved settlement agreement, Powell also received $97,250 in fees as 50% of the parents' settlement proceeds.

2

Schwall v. Meadow Wood Apartments, 2008 WL 552432, at *1 (E.D. Cal. Feb. 27, 2008) (citing first 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Procedure Before Trial, Pretrial Conference and Settlement Procedures ¶ 15:136 (2002) and Walden v. Moffett, 2007 WL 2859790 (E.D. Cal. Sept. 26, 2007), citing second, Cal. Prob. Code § 3601 and Cal. Civ. Proc. Code § 372, citing third, Local Rules for the Super. Ct. of Cal., County of Sacramento R. 10.02, and quoting 2 Weil & Brown, California Practice Guide, Civil Procedure Before Trial, Settlement Procedures ¶¶ 12:576-577 (2007)).  The Sacramento County Superior Court's local rule governing attorney's fees for claims brought by minors prescribes that 25% "shall be considered reasonable under usual circumstances" for "[s]ettlement[s] without the commencement of a court trial," which is the case here. Local Rules for the Super. Ct. of Cal., County of Sacramento R. 10.02.

        Defendants oppose Plaintiffs' petition, arguing "[t]here were no unusual circumstances in this case." (Opp'n to Pet. II at 2:13-14.) Plaintiffs Jonathan and Roni Welch support a contingency fee "much greater than the 25% currently awarded." (Decl. Of Jonathan & Roni Welch in Supp. Of Pet. II ¶ 10.)

        Powell argues several factors in this case justify a 50% contingency fee. (Powell Decl. ¶¶ 7-8.) Powell declares this case required significant time and labor, consuming over 200 hours in attorney time and over 50 hours in paralegal time. (Id. ¶ 8.) Powell also declares this case involved difficult questions of law in that there were federal and state claims, multiple potential defendants and the "ever-present issue of qualified immunity," necessitating an attorney with an "extremely high" level of skill. (Id.)  Powell

further declares his firm is small, so accepting this time-intensive case precluded him from accepting several other cases. (Id.)

Powell also argues a 50% contingency fee is customary in cases involving minors' civil rights claims against government defendants. (Id.) Powell declares "there are only five or six attorneys handling this kind of lawsuit with any regularity, and . . . with any significant expertise, in the entire State of California . . . . All [except one] request an attorney fee percentage of 50% . . . ." (Id. ¶¶ 8, 12.) Powell cites three Eastern District of California cases wherein his 50% contingency fee was approved. (Id. ¶ 13.) Powell also attaches the declaration of attorney Donnie R. Cox, who represents plaintiffs in similar civil rights cases and declares "it is not unusual for our office to charge a 50% contingent fee for our services, including for minors." (Decl. of Donnie R. Cox in Supp. of Pet. II ¶ 4.)

Powell further argues the risks associated with his particular contingent fee arrangement justify a 50% contingency fee since he risked losing "all up front costs, [paid] from [his] own pocket"; costs he could not have recovered if the case had been dismissed or if Plaintiffs were awarded nominal damages. (Powell Decl. ¶ 8.) Powell also declares, under a provision of the agreement, if he took the "case to trial and [the jury] awarded nominal damages, but an attorney fee award is made, [his] *agreement specifies that the total net recovery will be added together and then split equally between the collective plaintiffs and counsel*." (Id. ¶ 9.) This provision ensured that Powell would never "receive more in compensation than [his] clients collectively [would] receive, be it by settlement or verdict." (Id.)

4

Since Powell assumed more financial risk than is typical for a lawyer in a contingency fee arrangement, good cause exists justifying a 35% contingency fee.

CONCLUSION

The Court authorizes Plaintiffs' counsel to collect a total of $35,000.00: 35% of the minor Plaintiffs' total settlement proceeds of $100,000.00. After deduction of his attorney's fees, Plaintiffs' counsel shall arrange to have all remaining funds ($15,000.00) placed into annuities by Ringler Associates under the same general terms as the first $50,000.00, such that the three minor Plaintiffs' future payouts are equal, though the present value of each of the three minor Plaintiffs' respective portions may differ, to yield the equal future payout amounts.

IT IS SO ORDERED.

Dated: August 4, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge